IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM KYSER,
    Plaintiff,

vs.                                          Case No.: 3:09cv56/MCR/MD

STATE OF FLORIDA,
    Defendant.
_____

## ORDER and
## REPORT AND RECOMMENDATION

    Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

    Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d

1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

The allegations of plaintiff's complaint are as follows.  Plaintiff was arrested on December 12, 2008, and is currently awaiting trial on unidentified charges in an unidentified Florida court.  His complaint and *in forma pauperis* application indicate that he resides at a private residence, suggesting his release on bond.  Plaintiff claims his right to a speedy trial is being violated, and that the transfer of his case from county to circuit court violates the constitutional prohibition against double jeopardy.  (Doc. 1, p. 3).  As relief, he seeks "case dismissed or go to trial."  (*Id*., p. 4).

Pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), federal courts should abstain from interfering with pending state criminal proceedings absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  *Hughes v.*

*Attorney General of Florida*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).  Subsequent decisions have refined *Younger* to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional.  *See Trainor v. Hernandez*, 431 U.S. 434, 447, 97 S.Ct. 1911, 1919, 52 L.Ed.2d 486 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 1212, 43 L.Ed.2d 482 (1975); *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1507-09 (11th Cir. 1991); *Redner v. Citrus County*, 919 F.2d 646, 650 (11th Cir. 1990).  Furthermore, irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith.  *See Kugler v. Helfant*, 421 U.S. 117, 123-25, 95 S.Ct. 1524, 1530-31, 44 L.Ed.2d 15 (1975) (citing *Younger*, 401 U.S. at 46).  Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief.  *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941)).

      In the instant case, the allegations of the complaint establish that abstention is required.  Resolving plaintiff's § 1983 claims would significantly interfere with the pending state criminal proceeding.  Plaintiff does not allege that his prosecution was motivated by bad faith.  Furthermore, plaintiff has failed to show that he is entitled to review under the "irreparable injury" exception, or that there is a lack of an adequate state forum in which to raise his claims.  Therefore, plaintiff's complaint should be dismissed for failure tor state a claim upon which relief may be granted and because the claims are barred by the *Younger* abstention doctrine.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 23rd day of February, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).